State of Wisconsin, Plaintiff-Respondent,
v.
Amy D. Zietlow, Defendant-Appellant.
No. 03-1154-CR.
Court of Appeals of Wisconsin.
Opinion Filed: June 24, 2004.
Before Dykman, Lundsten and Higginbotham, JJ.
¶1. PER CURIAM.
Amy Zietlow appeals a judgment of conviction and an order denying her motion for postconviction relief.[1] The issues relate to sentencing. We affirm.
¶2. Zietlow was convicted of first-degree reckless homicide for the death of her three-year-old son, as a party to the crime. The court sentenced her to fifteen years of initial confinement and ten years of extended supervision. On appeal, Zietlow argues that two statements by the court about her character were not supported by the record. Considerations for sentencing are well established, and need not be repeated here. See State v. Gallion, 2004 WI 42, __ Wis. 2d __, 678 N.W.2d 197.
¶3. Zietlow first argues that the court erred by concluding that she had demonstrated a lack of remorse for her involvement in the crime. The court's comments were based on a section of the presentence report containing Zietlow's statements to the presentence investigator, which the court read as Zietlow blaming society for not having stopped the actions of her codefendant John Gross. Zietlow argues that the court misunderstood her statements, and that those statements must be viewed in the context of her limited intellectual capacity and chronic depression, which reduced her ability to adequately verbalize her thoughts. We conclude that the court's interpretation of the report was reasonable. According to the report, Zietlow had expressed anger that the county had not pressed charges against Gross when he abused other children. The report stated: "She feels that Juneau County and `the system' are partially to blame." The court could reasonably interpret an attempt to blame others as indicating inadequate remorse.
¶4. Zietlow also argues that the court erred by regarding the fact that she moved in with another male while the criminal case was proceeding as indicating a greater likelihood to reoffend. The court noted that Zietlow had again moved in with a male after a short acquaintance, and noted the similarity to her having done so with Gross. Zietlow argues that there is nothing illegal about this conduct, and no evidence in the record that the current individual was likely to place her remaining children at risk of harm. We do not believe such evidence was necessary for the court to properly regard her continuation of this type of conduct, in general, as indicating an inability to change conduct that contributed to the crime in this case. Specifically, the court explained that Zietlow exhibited poor judgment by moving in with another male after knowing him only a short time, the same behavior that contributed to the abuse of her child by Gross.
By the Court.Judgment and order affirmed.
NOTES
[1] Judge John W. Brady accepted Zietlow's no contest plea and imposed sentence. Judge Kent C. Houck presided over the hearing on the motion for postconviction relief and denied that motion.